NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250804-U

NO. 4-25-0804

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 10, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| NEVAI DIAZ-MALDONADO, | ) | No. 22CF80 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Steigmann and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court modified defendant's term of mandatory supervised release to 12 months under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967).

¶ 2    In July 2023, defendant, Nevai Diaz-Maldonado, pleaded guilty to one count of aggravated criminal sexual abuse, a Class 2 felony (720 ILCS 5/11-1.60(c)(1)(i) (West 2022)), as part of a fully negotiated plea agreement. In accordance with defendant's plea, the trial court sentenced defendant to seven years in prison and a three-year term of mandatory supervised release (MSR). On appeal, defendant argues the court imposed the incorrect term of MSR for his Class 2 felony conviction. The State concedes the error. For the following reasons, we accept the State's concession and reduce defendant's term of MSR to 12 months under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) (permitting a reviewing court to "reduce the punishment imposed by the trial court").

¶ 3                                    I. BACKGROUND

¶ 4            In March 2022, defendant was indicted on three counts of predatory criminal sexual assault (720 ILCS 5/11-1.40(a)(1) (West 2022)) and two counts of aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i)) for acts involving a minor, I.C. (born in 2006).

¶ 5            In July 2023, defendant pleaded guilty to one count of aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i)) in exchange for dismissal of the remaining counts.

¶ 6            The trial court heard the following factual basis for defendant's plea. "[On] May 8th of 2020, Officer MacPhee of the Pekin [Police Department] was dispatched to 702 Grandview Avenue in Pekin to meet with [Illinois Department of Children and Family Services] employee Devon Booth on the report of sexual abuse." The minor, I.C., "had disclosed sexual abuse by [defendant]" and told "her therapist that the defendant had sexually assaulted her when she was 11 years old." At the Tazewell County Children's Advocacy Center, I.C. disclosed the incidents of defendant's sexual contact in an interview with a forensic interviewer, Larry Milsteadt. I.C. explained "defendant had been physically, emotionally, and sexually abusing her since she moved to Pekin" as a child. Following an investigation, the State "was able to obtain text messages sent by the defendant acknowledging having sexual conduct with minors" who "lived in his home in Pekin." After proper admonishments, the court accepted defendant's plea, finding it was knowingly and voluntarily entered.

¶ 7            On July 6, 2023, the trial court sentenced defendant to seven years in prison and a three-year term of MSR pursuant to defendant's fully negotiated plea agreement.

¶ 8            Following sentencing, defendant sent multiple letters to the trial court asking to withdraw his plea and for appointment of new counsel. Defendant also filed a *pro se* motion to withdraw his plea. After new counsel was appointed, defendant filed an amended motion to

withdraw his plea, which the court denied.

¶ 9    In September 2024, this court remanded for new postplea proceedings under Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). *People v. Diaz-Maldonado*, No. 4-24-0850 (2024) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 10    On remand, counsel filed a Rule 604(d) certificate. Defendant filed a second amended motion to withdraw his plea, which the trial court denied.

¶ 11    This appeal followed.

¶ 12                               II. ANALYSIS

¶ 13    On appeal, defendant only argues the trial court erred in sentencing him to a statutorily unauthorized three-year term of MSR. Defendant concedes he forfeited his contention of error by failing to raise it before the trial court but asserts his forfeiture may be excused under the plain-error doctrine. The State agrees.

¶ 14    Under the plain error rule, this court may disregard a defendant's forfeiture when a clear or obvious error occurred and "(1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). The imposition of a statutorily unauthorized sentence affects substantial rights and therefore may be reviewed under the second prong of the plain-error doctrine. *People v. Fort*, 2017 IL 118966, ¶ 18.

¶ 15    A trial court errs where the sentence it chooses is not authorized by law. *People v. Jones*, 168 Ill. 2d 367, 374 (1995). "A trial court has no discretion when it comes to imposing a statutorily mandated MSR term." *People v. Bell*, 2020 IL App (4th) 170804, ¶ 144. Nor does a trial court have authority to impose an MSR term exceeding the statutory limits. *Id.* ¶ 146. "Even when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence

effect if it is not authorized by law." (Internal quotation marks omitted.) *People v. White*, 2011 IL 109616, ¶ 23.

¶ 16    Aggravated criminal sexual abuse is a Class 2 felony with a statutory MSR term of 12 months. 720 ILCS 5/11-1.60(d), (g) (West 2022); 730 ILCS 5/5-8-1(d)(2) (West 2022). The 12-month MSR term was established by statute at the time of defendant's sentence, and it took effect prior to defendant's sentencing. See Pub. Act 102-1104, § 90 (eff. Dec. 6, 2022) (amending 730 ILCS 5/5-8-1). Defendant pleaded guilty and was sentenced in July 2023.

¶ 17    Because only a 12-month MSR term was statutorily authorized, the trial court lacked the authority to impose a 3-year MSR term. Accordingly, the court erred and this error constitutes second prong plain error. Therefore, we accept the State's concession.

¶ 18    We now turn to the appropriate remedy. Defendant does not challenge his seven year prison sentence. Therefore, the only action to be taken at a new sentencing hearing would be modifying the MSR term, which is a purely administrative action. Under the circumstances of this case, we find it unnecessary to remand this case to the trial court for resentencing. See *People v. Stacey*, 193 Ill. 2d 203, 211 (2000). Accordingly, as requested, in the exercise of our authority under Rule 615(b)(4), we reduce defendant's MSR term to 12 months and modify defendant's sentence to reflect the correct MSR. See Ill. S. Ct. R. 615(b)(4) (eff. Jan. 1, 1967) (granting a reviewing court the authority to "reduce the punishment imposed by the trial court").

¶ 19    Section 5-8-1(d) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d) (West 2022)), states "the *** mandatory supervised release term shall be written as part of the sentencing order." "Legislative history indicates that [this] requirement was designed to provide greater clarity for the Department of Corrections." *Round v. Lamb*, 2017 IL 122271, ¶ 15. As a practical matter, in order to provide clarity, on remand the written sentencing order should be amended by the trial

court to reflect our modification of defendant's sentence to the correct period of MSR of 12 months instead of three years.

¶ 20                                    III. CONCLUSION

¶ 21            For the reasons stated, we modify the trial court's judgment to reduce defendant's MSR term from 3 years to 12 months and remand this case with directions to the trial court to issue an amended sentencing order reflecting the modified MSR term. We otherwise affirm the trial court's judgment.

¶ 22            Affirmed as modified and remanded with directions.